UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHALLA C. ALFARO BUTTANY,<br><br>Plaintiff,<br><br>v.<br><br>DONNIE BARRACKAS,<br><br>Defendant. | No. 2:19-cv-02065 MCE AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

1

policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff brings suit against Donnie Barrackas, whom she alleges is a citizen of Sacramento, California and who holds the job or title of "Sponsorship w/ USA." ECF No. 1 at 2. Plaintiff checks a box marking the basis for jurisdiction as federal question. Id. at 3. When asked to provide the specific federal law or constitutional provision providing federal question jurisdiction, plaintiff wrote "civil right[.] This person Donnie Barrackas no longer would like to be my childrens sponsorship." Id. at 4. Plaintiff alleges that defendant Barrackas says he can no longer sponsor plaintiff's children because they have been with him almost as much as he could help them, and there is no argument. Id. at 5. When asked to state her desired relief, plaintiff wrote that she is her children's sponsor now and she would like to say "thank you," and that she understands he can now only take a few of her children under 18. Id. at 6.

B. Analysis

Because plaintiff's complaint contains no basis for federal jurisdiction it must bet dismissed with prejudice. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, -- U.S. --, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

The court notes that diversity cannot serve as a basis for jurisdiction because plaintiff alleges that both plaintiff and defendant are California citizens. ECF No. 1 at 4. Plaintiff's case alleges jurisdiction based on federal question. Id. at 3. There is no federal question jurisdiction available because no federal law or constitutional right is at issue in this case. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication

of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Plaintiff's complaint does not invoke any federal law or constitutional right. Though plaintiff did indicate "civil rights" as a basis for jurisdiction, the court is aware of no federal law or constitutional provision that could be invoked where an individual who was sponsoring children in the U.S.A. declines to continue to do so, and the plaintiff would like to thank that person for their service. ECF No. 1 at 5-6.

To the extent that plaintiff may be attempting to set forth a claim for breach of an affidavit of support pursuant to 8 C.F.R. § 213(a), plaintiff cannot do so as a pro se plaintiff on behalf of minor children. Section 213a.3(d), Title 8 of the Code of Federal Regulations states in relevant part that a "sponsored immigrant ... may seek enforcement of the sponsor's obligations [under the affidavit of support] through an appropriate civil action." This regulation is promulgated under 8 U.S.C. § 1183a, which also expressly creates a private right of action allowing a sponsored immigrant to enforce an affidavit of support. 8 U.S.C. § 1183a(e) ("An action to enforce an affidavit of support ... may be brought against the sponsor in any appropriate court by a sponsored alien, with respect to financial support."). However, despite the existence of a possible cause of action, it is clear in the Ninth Circuit that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Thus, plaintiff cannot pursue the only possibly available federal cause of action potentially invoked by a very liberal construction of the complaint.

Because there is no federal jurisdiction, the undersigned recommends that this case be dismissed and that leave to amend not granted in this instance because, in light of the facts at issue in this case, the complaint's deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.

III. CONCLUSION

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED for lack of federal jurisdiction. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 1, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5